IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVA TYREE O'NEAL,                )
                                  )
            Petitioner,           )              4:01cv3069
                                  )
        vs.                       )         MEMORANDUM AND ORDER
                                  )
MICHAEL KENNEY,                   )
                                  )
            Respondent.           )

This matter is before the court on filing nos. 88 and 90, the petitioner's pending Motions to Amend (or Make Additional) Findings and for Certificate of Appealability.  I previously dismissed this habeas corpus case as untimely in light of 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for habeas corpus petitions pursuant to 28 U.S.C. § 2254.

In 2003 (filing nos. 59 and 60), I found that the statute of limitations began to run when the petitioner's conviction became "final," for purposes of  28 U.S.C. § 2244(d)(1)(A), when direct review or the expiration of the time for seeking such review ended on September 24, 1997.  Then, the petitioner had one year, i.e., until September 24, 1998, to file a petition for state postconviction relief, so as to toll the AEDPA limitations period, or to file his habeas petition in this court.  However, the petitioner did not act until October 9, 1998, when he filed his motion for state postconviction relief.  By that time, the AEDPA statute of limitations had already expired.  In 2004 (filing no. 74), the Eighth Circuit Court of Appeals dismissed the petitioner's appeal from this court's judgment.

It appears from the motions recently filed by the petitioner that in state collateral proceedings, he has recently received a new direct appeal from his conviction.  That event may change the petitioner's entitlement to federal-court habeas corpus review, but the question is precisely how to proceed.  I have previously ruled (filing no. 87) that the petitioner's efforts to reopen the above-entitled action constitute the equivalent of a second or successive habeas corpus petition for which he must first obtain permission from the Eighth Circuit Court of Appeals.  See 28 U.S.C. § 2244(b).  The petitioner asks for relief

1

from aspects of that decision, despite the earlier dismissal of his appeal from the judgment which he seeks to reopen (see filing no. 74, May 5, 2004, Mandate/Judgment of the United States Court of Appeals for the Eighth Circuit dismissing the petitioner's appeal).

In lieu of reopening this case, which I am reluctant to do, or denying the petitioner's postjudgment motions entirely, the Eighth Circuit offers the alternative procedure of a transfer without the kinds of findings which the petitioner considers objectionable.  See Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002), cert. denied, 538 U.S. 953 (2003):

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

The respondent referred the court to the decision in Boyd (filing no. 85) but did not express a position as to whether the petitioner's efforts to reopen the above-entitled action amount to a "second or successive habeas corpus application under section 2254," within the meaning of 28 U.S.C. § 2244(b).  The petitioner has objected to the procedure described in Boyd (filing no. 86).  I would prefer that the petitioner simply file a new habeas corpus petition upon completion of his appellate proceedings in the state court and after first obtaining permission from the Eighth Circuit Court of Appeals.  However, I understand the petitioner's reluctance to wait.   Accordingly, I will direct the parties to file the materials set forth below.

THEREFORE, IT IS ORDERED:

1.      That by May 17, 2006, the respondent shall file with the court and serve on the petitioner an Index of Evidence containing a copy of all decisions rendered in the state district and appellate courts on collateral review since the respondent last filed state court

records in this action (filing no. 48);

2.      That by May 17, 2006, the respondent shall file a brief addressing: (a) the petitioner's pending Motion to Amend (Or Make Additional) Findings (filing no. 88); (b) whether, in the respondent's view, the state-court decision granting the petitioner a new appeal restarts the AEDPA statute of limitations and/or results in a revised calculation under 28 U.S.C. § 2244(d); and (c) whether the respondent views the Boyd transfer procedure as appropriate for this case;

3.      That by May 31, 2006, the petitioner shall reply; and

4.      That filing nos. 88 and 90 are taken under advisement until the court has had the benefit of the parties' views.

April 18, 2006.                         BY THE COURT:


                                        s/ *Richard G. Kopf*
                                        United States District Judge