IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVA TYREE O'NEAL, ) | |
| ) | 4:01CV3069 |
| Petitioner, ) | |
| ) | **MEMORANDUM** |
| vs. ) | **AND ORDER** |
| ) | |
| MICHAEL KENNEY, ) | |
| ) | |
| Respondent. ) | |

    This habeas corpus case is before the court on the following pending motions filed by Petitioner: (1) Filing 88, Motion to Amend or Make Additional Findings; (2) Filing 90, Motion for Certificate of Appealability; (3) Filing 94, Exception to Memorandum and Order; (4) Filing 97, Amended Motion for Relief From Judgment or Order; and (5) Filing 98, Motion for Expedited Ruling. Petitioner's motions request Fed. R. Civ. P. 60(b) relief from this court's prior judgment (filing 60) dismissing Petitioner's petition for writ of habeas corpus with prejudice for the reason that the petition was barred as untimely when filed (filing 59). For the reasons that follow, I shall deny Petitioner's motions.

    The issue is whether the fact that Petitioner was awarded a new direct appeal from his original conviction and sentence as a remedy in his state postconviction action affects the one-year AEDPA statute of limitations, which runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Specifically, if the procedure of gaining a new direct appeal via a postconviction action in state district court is part of "direct review" for AEDPA purposes, then Petitioner's 28 U.S.C. § 2254 petition in this court would not have been untimely and would not have been dismissed for that reason.

Nebraska courts have explicitly held that new direct criminal appeals may be granted under the Nebraska Postconviction Act to remedy denial of the right to counsel at the appellate stage of criminal proceedings. State v. Meers, 671 N.W.2d 234 (Neb. 2003); State v. Trotter, 609 N.W.2d 33 (Neb. 2000). My research did not reveal any Nebraska statute or court rule permitting new direct criminal appeals through any other process than a state postconviction action. Thus, the right to file a new direct criminal appeal in Nebraska is awarded only as a result of the Nebraska collateral review process.

Hence, the AEDPA statute of limitations began running in this case when the petitioner's first direct appeal was final, making his § 2254 petition in this court untimely, as discussed in this court's previous memorandum and order (filing 59). See Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir. 2004) (because state criminal appellate court was authorized to allow filing out-of-time petition for discretionary review ("PDR") only through state habeas proceedings, right to file belated PDR did not arise under "direct review" procedures of the Texas judicial system, and criminal appellate court's granting of right to file belated PDR had no effect on AEDPA's one-year limitations period; "nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action").

I acknowledge that authority exists for the idea that an "appeal out of time" is part of the "direct review" process for purposes of AEDPA, causing the AEDPA statute of limitations begin running when the "appeal out of time" is final. Orange v. Calbone, 318 F.3d 1167 (10th Cir. 2003). However, the "appeal out of time" procedure in the Orange case was part of the direct appeal process under Oklahoma case law and court rules. As discussed above, Nebraska law does not indicate that the granting of a new direct appeal in a criminal case is part of the "direct review" process; rather, it specifically states that such a remedy is part of collateral review proceedings. See Salinas, 354 F.3d at 431 n.9 ("If there is any inconsistency between our decision today and that in Orange, it is only because of the underlying differences

2

in the laws of the states over which we preside.") See also Frasch v. Peguese, 414 F.3d 518 (4th Cir. 2005) (new direct appeal awarded in state postconviction action was part of "direct review" process because when petitioner filed application for leave to file belated appeal as result of postconviction action, he was in same procedural posture as he would have been if he had timely pursued a direct appeal). I also acknowledge that Judge Bataillon has relied on Orange in a similar case. Malcom v. Houston, 2005 WL 2180067 (D. Neb. Sept. 8, 2005).

However, I respectfully disagree with the above-mentioned contrary authority because (1) the Eighth Circuit Court of Appeals has not addressed the issue, Watts v. Norris, 356 F.3d 937 (8th Cir. 2004) (not reaching question of whether AEDPA statute of limitations begins to run when time for filing regular direct appeal expires, or when belated appeal allowed under state criminal rules is resolved); (2) there is no reasonable basis in the rules of statutory construction to disregard the plain meaning of AEDPA's one-year statute of limitations; and (3) this is not a case of "extraordinary circumstances, or where the judgment may work an extreme and undue hardship," or where reopening of the judgment will serve "substantial justice." Cornell v. Nix, 119 F.3d 1329 (8th Cir. 1997) (discussing Rule 60(b) standard in habeas context; internal quotation and citation omitted).

Accordingly,

IT IS ORDERED:

1. The following motions filed by Petitioner are denied: Filing 88, Motion to Amend or Make Additional Findings; Filing 90, Motion for Certificate of Appealability; Filing 94, Exception to Memorandum and Order; and Filing 97, Amended Motion for Relief From Judgment or Order; and

2. Filing 98, Petitioner's Motion for Expedited Ruling, is denied as moot.

October 20, 2006.

BY THE COURT:
s/ *Richard G. Kopf*
Richard G. Kopf