IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVA TYREE O'NEAL, | ) | |
| | ) | |
| Petitioner, | ) | 4:01cv3069 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (appeal) |
| MICHAEL KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 89, the Notice of Appeal filed by the petitioner, Keva Tyree O'Neal. Also before the court is filing no. 100, the Petitioner's Motion to Amend (or Make Additional Findings), in which the petitioner essentially requests a Certificate of Appealability.

**History**

I first entered judgment on November 15, 2001, dismissing this case without prejudice because the petitioner's state postconviction action had not concluded, and so he had not completed exhaustion of his state judicial remedies (filing nos. 8 and 9). However, because the petitioner stated that his postconviction proceedings had been pending for over 31 months without decision, I granted a Certificate of Appealability so that he could seek appellate review on the limited issue of inordinate delay, i.e., whether a state postconviction remedy which remains undecided for almost three years should be considered effectively unavailable (filing no. 20), thus excusing failure to exhaust.

Finding the record incomplete, the Eighth Circuit Court of Appeals (filing nos. 35 and 36) vacated my judgment and remanded for a determination as to the reason(s) for what by then had become a nearly four-year delay by the state court in rendering a decision in the petitioner's state postconviction proceeding. I directed the parties to brief the issues posed by the Eighth Circuit, and I appointed counsel for the petitioner. The petitioner denied responsibility for the inordinate delay, but the respondent attributed some of the delay to litigation tactics by an attorney representing the petitioner in the state court (filing no. 48).

The question of exhaustion became superseded, however, by the issue of timeliness, when I realized that the statute of limitations might bar this action, and, raising that matter sua sponte, I asked the parties to brief the question (filing no. 51). Ultimately on October 17, 2003, upon review of the record and the parties' briefs, I determined that the statute of limitations had expired before the petitioner filed his § 2254 petition on April 6, 2001. After I entered judgment dismissing the petition as untimely (filing nos. 59 and 60), the Eighth Circuit denied a Certificate of Appealability and dismissed the petitioner's appeal (filing no. 74). Later, the U.S. Supreme Court confirmed, in Day v. McDonough, 126 S.Ct. 1675 (2006), that the federal district courts may sua sponte consider the timeliness of state prisoner habeas petitions.

### Current Appeal

In my decision of October 17, 2003 (filing nos. 59 and 60), I found that the federal habeas statute of limitations began to run when the petitioner's conviction became "final," for purposes of 28 U.S.C. § 2244(d)(1)(A), on September 24, 1997. Then, the petitioner had one year, i.e., until September 24, 1998, to file a petition for state postconviction relief, so as to toll the limitations period, or to file his habeas petition in this court. However, the petitioner did not act until October 9, 1998, when he filed his motion for state postconviction relief. By that time, the federal habeas statute of limitations had already expired.

Approximately six months after I entered judgment, the state district court, on April 16, 2004, finally issued a decision in the petitioner's postconviction action. That decision granted the petitioner a new direct appeal of his original conviction and sentence as the remedy for constitutional error in connection with the petitioner's first direct appeal from his conviction. The Nebraska Court of Appeals decided the replacement direct appeal (No. A-04-536) on May 3, 2005, and the Nebraska Supreme Court denied further review on July 7, 2005.

The petitioner then filed a series of post-judgment motions in this court seeking relief from the October 17, 2003 judgment dismissing his habeas case as untimely. I denied those post-judgment motions in the two decisions from which the petitioner now appeals (filing nos. 87 and 99). (While the Eighth Circuit Court of Appeals will determine its own

jurisdiction, I believe that filing no. 89, the petitioner's Notice of Appeal, was timely as to filing no. 87, the first of the two decisions challenged by the petitioner. However, the petitioner may need to file a new Notice of Appeal as to filing no. 99, my second decision to bring that decision within the purview of the appeal.)

## COA

I denied post-judgment relief to the petitioner on two grounds. First, in filing no. 87, I viewed the petitioner's efforts to reopen the above-entitled action as the equivalent of a second or successive habeas corpus petition for which he must first obtain permission from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2244(b). Second, in filing no. 99, I held that the replacement direct appeal granted to the petitioner on postconviction review did not change the dates of direct review and the calculations as to when the petitioner's decision became "final" for purposes of the habeas corpus statute of limitations.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2254 petition is governed by 28 U.S.C. § 2253(c), which provides that a Certificate of Appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), *citing* Barefoot v. Estelle, 463 U.S. 894 (1983) (which defined the pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in

its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

While I am convinced that the course I chose, particularly in filing no. 99, is correct in light of the applicable law, I recognize that a split of authority exists inside and outside of the District of Nebraska. Therefore, in fairness to the petitioner, I will grant the requested Certificate of Appealability.

**A COA is granted on the following two issues**: (1) whether or not the AEDPA statute of limitations calculation is affected when a new direct appeal is granted to a state prisoner on postconviction review, and the prisoner's original direct appeal is vacated, thereby altering the date of "finality" of the judgment of conviction; and (2) whether or not, under such circumstances, a petitioner's request for relief from judgment in a closed habeas case should be treated as a second or successive habeas corpus petition for which the petitioner must first obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b).

**IFP**

The petitioner previously received leave to proceed in forma pauperis ("IFP") in his appeal from district court to the Eighth Circuit in 2002 (filing no. 20). The present appeal is taken in good faith, and the petitioner may *provisionally* continue to proceed IFP on appeal pursuant to Fed. R. App. P. 24(a)(3),[1] subject to this court's receipt of a much more

---

[1] Rule 24(a)(3) states:
(a) Leave to Proceed in Forma Pauperis....(3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

current certified trust account statement from his institution. Therefore, the Clerk of Court shall request a certified trust account statement for the six-month period (if possible, for the period just prior to filing no. 89) from the appropriate financial officer for the petitioner's institution. However, the Clerk shall not delay the processing of this appeal to the Eighth Circuit.

THEREFORE, IT IS ORDERED:

1. That the petitioner may provisionally proceed in forma pauperis on appeal, subject to receipt by the court of his trust account information;

2. That the Clerk of Court shall request the appropriate financial information from the financial official for the petitioner's institution;

3. That filing no. 100 is granted insofar as -- and filing no. 99 is reconsidered to the limited extent that -- a Certificate of Appealability is granted as to the two issues set forth above;

4. That the Clerk of Court shall provide a copy of this Memorandum and Order to the parties and the Eighth Circuit Court, and the Clerk shall process this appeal to the Eighth Circuit.

November 3, 2006.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge