IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVA TYREE O'NEAL, | ) | 4:01CV3069 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL KENNY, Warden, | ) | |
| Nebraska State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Keva Tyree O'Neal's Motion for Relief from Judgment or Order (Filing No. 149). O'Neal filed this motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court will deny O'Neal's motion.

### I. BACKGROUND

O'Neal is a state prisoner incarcerated in the Nebraska State Prison, having been convicted in 1997 of three counts of attempted assault in the first degree and two counts of use of a deadly weapon to commit a felony in the Douglas County, Nebraska, District Court. *See State v. O'Neal*, No. A-04-536, 2005 WL 1022027 (Neb. Ct. App. May 3, 2005). O'Neal filed a Petition for Writ of Habeas Corpus (Filing No. 1) in this court seeking relief from the 1997 conviction. On October 17, 2003, the court denied habeas corpus relief. The court held that the petition was time barred under the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations (*see* Filing No. 59). The Eighth Circuit Court of Appeals affirmed the court's judgment in *O'Neal v. Kenny*, 579 F.3d 915 (8th Cir. 2009).

O'Neal has previously filed two motions seeking relief from judgment in this matter (Filing No. 83 and Filing No. 142). Both motions were denied (*See* Filing No. 99 and Filing No. 143). O'Neal filed the pending motion for relief from judgment on

May 19, 2014 (Filing No. 149). He has also filed requests for a hearing, expedited review of his motion, and the appointment of counsel (Filing Nos. 151, 152, and 153).[1]

## II. DISCUSSION

O'Neal's basis for seeking relief is difficult to decipher. As best as the court can tell, O'Neal argues in his pending motion that he is entitled to relief under Rule 60(b)(6)[2] in light of the United States Supreme Court's decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). Rule 60(b)(6) provides that a court may relieve a party from a final judgment or order for "any [] reason that justifies relief." It is well established that relief under Rule 60(b)(6) requires a showing of exceptional or extraordinary circumstances. See *Gonzalez v. Crosby*, 545 U.S. 524 (2005). "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

In *McQuiggin*, the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage

---

[1] On September 9, 2014, the court directed Respondent to respond to Petitioner's Motion for Relief from Judgment. (*See* Text Order dated at Filing No. 155.) However, upon further review of Petitioner's motion, the court concludes that no additional briefing is required.

[2] O'Neal also claims to be entitled to relief pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. Rule 60(b)(5) allows for relief from a final judgment on the grounds that "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). O'Neal does not explain how Rule 60(b)(5) applies to this case, and the court concludes it does not.

of justice exception. A claim of actual innocence under *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315. However, the Supreme Court in *McQuiggin* cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S. Ct. at 1928.

Here, even assuming the Supreme Court's holding in *McQuiggin* represents an extraordinary circumstance sufficient to trigger Rule 60(b)(6) relief, O'Neal fails to show that *McQuiggin* has any bearing on his case. Specifically, O'Neal offers no "new evidence" to establish his actual innocence, let alone evidence so convincing that "it is more likely than not that no reasonable juror would have convicted him in light of new evidence." *McQuiggin*, 133 S. Ct. at 1935.

Even under the most liberal construction, O'Neal has not set forth "exceptional circumstances" that prevented him from fully litigating his claims or receiving adequate redress. Indeed, O'Neal appears to repeat the same argument he raised in his post-conviction proceedings in the Nebraska state courts in 2005. O'Neal set forth in the pending motion seeking relief from judgment that:

> A Mr. Jerome Matthews, the Brother-In-Law of the said Mr. Edward Duncan informed the Petitioner that Mr. Duncan informed him that it was his Brother Allen who had been shot, and Mr. Allen Duncan confirmed this. This provided me with reasonable suspicion that there had been crimes committed which resulted in false accusations made against the Petitioner and a wrongful conviction obtained thereby which is necessarily void.

(Filing No. 149 at CM/ECF p. 4.)

While this statement alone is somewhat baffling, the Nebraska Court of Appeals's 2005 opinion provides much-needed context for the statement. In O'Neal's post-conviction action in the Nebraska state courts, O'Neal argued that the

3

information was fatally defective because it improperly identified the victim of the shooting. Specifically, O'Neal argued the information charged him "with an offense against 'Edward Duncan,' who was actually 'Allan Duncan' impersonating Edward Duncan." *O'Neal*, No. A-04-536, 2005 WL 1022027 at * 4.[3]

O'Neal's motion fails for an additional reason: it is time-barred by the terms of Rule 60 itself, which provides that "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). O'Neal sets forth in his motion for relief from judgment that he learned of this alleged improper identification of the victim more than a decade ago, on February 21, 1999. (*See* Filing No. 149 at CM/ECF p. 4.) However, even assuming the timeliness inquiry starts as of the date of the Supreme Court's decision in *McQuiggin*, the motion fails on the merits for the reason that O'Neal has provided no new evidence that makes it more likely than not that no reasonable juror would have convicted him. Accordingly, the court will deny O'Neal's motion for relief from the court's judgment.

In addition, to the extent O'Neal seeks to continue to litigate issues relating to his original petition for writ of habeas corpus, the court reminds him that he is limited to one habeas corpus petition in this court per conviction, unless the Eighth Circuit Court of Appeals grants him permission to file a second or successive habeas corpus petition relating to the same conviction. See 28 U.S.C. § 2244(b).

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be

---

[3]The Nebraska Court of Appeals considered and rejected this argument, finding that the record did not support O'Neal's claims that one of the victims was not properly identified. *O'Neal*, No. A-04-536, 2005 WL 1022027 at * 4.

4

granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, O'Neal has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Relief from Judgment (Filing No. 149) is denied. Accordingly, his motions seeking judicial notice, expedited consideration, and appointment of counsel are denied as moot. (Filing Nos. 151, 152, and 153.)

2. Respondent's Motion to Extend (Filing No. 157) is denied as moot.

3. The court will not issue a certificate of appealability in this matter.

DATED this 10th day of October, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.